

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF:                 )
Z.Y.M.B., a minor child under seventeen  )
years of age.                          )
                                    )
PHELPS COUNTY JUVENILE OFFICE,  )
                                    )
         Petitioner-Respondent,      )
                                    )
v.                                   )     No. SD37564
                                   )     Filed: **February 15, 2023**
W.S.B.,                           )
                                    )
         Respondent-Appellant.    )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Mark D. Calvert

**<u>AFFIRMED</u>**

W.S.B. ("Father") appeals the judgment terminating his parental rights to his daughter, Z.Y.M.B. ("Child").[1]  Finding Father has failed to properly raise any issue warranting reversal, we affirm the judgment of the Circuit Court of Phelps County (the "trial court").

---

[1] Mother separately appealed termination of her parental rights, and this Court dismissed the appeal when Mother failed to take steps required to secure review of the appeal within the time required by court rules or order of this Court.  *See* SD37569 and SD37570.

**Standard of Review**

Our recitation of the relevant facts is in accord with the principle that we view the evidence in the light most favorable to the judgment. *See **J.A.R. v. D.G.R.***, 426 S.W.3d 624, 626 (Mo. banc 2014). "Appellate courts will defer to the trial court's credibility assessments. When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence." *Id.* (quoting ***In re C.M.B.R.***, 332 S.W.3d 793, 815 (Mo. banc 2011), *abrogated on other grounds by **S.S.S. v. C.V.S.***, 529 S.W.3d 811, 816 n.3 (Mo. banc 2017)) (internal citation omitted). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Id.* (quoting Rule 73.01). [2] "[W]e are not free to credit evidence or inferences that favor the terminated parent. To the contrary, we must ignore these." ***In the Interest of J.A.L.***, 547 S.W.3d 804, 812 (Mo.App. 2018) (quoting ***In re Adoption of C.M.***, 414 S.W.3d 622, 629 (Mo.App. 2013)). "In reviewing questions of fact, the reviewing court is to recognize that the circuit court is free to disbelieve any, all, or none of the evidence, and it is not the reviewing appellate court's role to re-evaluate the evidence through its own perspective." ***J.A.R.***, 426 S.W.3d at 627 (citing ***Pearson v. Koster***, 367 S.W.3d 36, 44 (Mo. banc 2012)) (internal quotation omitted). "The trial court receives deference on factual issues because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *Id.* (quoting ***Pearson***, 367 S.W.3d at 36) (internal quotation omitted). Viewed in this context, the following facts are pertinent to the current appeal.

---

[2] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2020, and all rule references are to Missouri Court Rules (2022). The statute in effect on the termination petition filing date applies in determining the parties' substantive rights. ***In the Interest of D.L.P.***, 638 S.W.3d 82, 88 n.1 (Mo.App. 2021). There is no dispute in this case concerning the applicable statute.

2

**Factual and Procedural Background**

The record reveals that Father is the biological father of Child, born in October 2017. The trial court assumed jurisdiction over Child by an Order for Protective Custody entered on June 6, 2019, wherein the trial court ordered the Child to remain in protective custody and in the temporary legal custody of the Phelps County Children's Division ("Children's Division").

On June 22, 2021, a juvenile officer filed a petition for termination of parental rights. On March 4, 2022, the trial court held a hearing on the petition to terminate parental rights.

On April 14, 2022, the trial court entered its Judgment of Termination of Parental Rights ("the Judgment") The trial court found Child had been in foster care for 33 months at the time of trial. The trial court further found termination of Father's parental rights was in the best interest of Child, and that there was clear, cogent, and convincing evidence that grounds existed for termination of his parental rights under Sections 211.447.5(1), 211.447.5(2)(a)-(d), 211.447.5(3)(a)-(d), and 211.447.5(5). The trial court made detailed findings on each ground for termination as well as on its determination that termination was in Child's best interest. Father timely appealed.

In six points on appeal, Father asserts:

*POINT 1*
The trial court erred in terminating Father's rights, because the evidence was not clear and convincing that Father had abandoned his child under § 211.447.5(1) in that 1) there was insufficient evidence to show that [Father] left the children without any provision for parental support, 2) there was insufficient evidence to show that [Father] failed to make arrangements to visit or communicate with the child, although able to do so, 3) said findings were against the greater weight of the evidence, and 4) said findings and judgment erroneously applied the law.

*POINT 2*
The court erred in terminating Father's rights, because the evidence was not clear and convincing that any of the factors of 211.447.5(2)(a)-(d) occurred, in that (a) and (b) were unknown and therefore unproven and there was insufficient

evidence to show under (c) severe or recurrent acts of abuse or that the abuse occurred under circumstances that indicate Father knew or should have known such acts were occurring; and there was insufficient evidence to show under (d) that Father was "physically or financially able, to provide the child with adequate food, clothing, shelter, or education and control necessary for the child[.]"

*POINT 3*

The court erred in terminating Father's rights, because the evidence was not clear and convincing that any of the factors of 211.447.5(3)(a)-(d) occurred, in that under (3) there was insufficient evidence to show a "continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home;" under (3)(a) and (b) there was insufficient evidence to show that Father's non compliance or Children's Division's or other agencies' efforts were doomed to failure; and the court stated subsections (3)(c) and (d) are inapplicable (i.e. unknown).

*POINT 4*

The court erred in finding that favoritism of Children's Division towards the placement provider and bias against the parent was irrelevant to the issues of termination of parental rights in that this issue caused Children's Division to be seriously deficient in with regarding to reasonable efforts and how it related to [Father] throughout the case and worked (or failed to work) with him in any effectual way towards reunification.[3]

*POINT 5*

The court erred in finding [Father] was unfit under RSMo. §211.447.5(5) in that there was insufficient evidence to find that Father is unfit to be a party to the parent child relationship and the court misapplied the law.

*POINT 6*

The court erred in terminating Father's rights, because there was insufficient evidence to find that termination was in the best interest of the children in that there was insufficient evidence on the record to enter the findings in the judgment on the seven factors listed in 211.447.7.

**Analysis**

Points 1 and 5

Father's Points 1 and 5 conflate the independent bases for relief on appeal from a court-tried case: lack of substantial evidence, against the weight of the evidence, and erroneously

---

[3] Contrary to Father's Point 4, the trial court did not find "favoritism of Children's Division towards the placement provider and bias against the parent" to be "irrelevant." The trial court made no such finding. Further, we are required to defer to the trial court's credibility determinations. *See **J.A.R.**,* 426 S.W.3d at 626.

declares or applies the law. ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). This standard of review applies in all court-tried cases regardless of the burden of proof at trial. ***Ivie v. Smith***, 439 S.W.3d 189, 199 (Mo. banc 2014) (citing ***J.A.R.***, 426 S.W.3d at 626 n.4, 631). "These are distinct claims. They must appear in separate points relied on in the appellant's brief to be preserved for appellate review." ***Id.*** at 199 n.11 (citing Rule 84.04; ***J.A.R.***, 426 S.W.3d at 630 n.10) (internal citation omitted). Because Father's Points 1 and 5 conflate separate and independent bases for relief, Points 1 and 5 preserve nothing for our review.[4]

## Points 1-6

Furthermore, Father's argument under Points 1 through 6 fails to follow the mandatory analytical sequence set forth by ***Houston v. Crider***, 317 S.W.3d 178, 186–87 (Mo.App. 2010). The standard of review in civil cases contemplates two types of arguments regarding the factual support for a trial court's judgment: a challenge that the judgment is not supported by substantial evidence, and a challenge that the judgment is against the weight of the evidence. ***Id.*** To present a not-supported-by-substantial-evidence challenge, the appellant must complete three sequential steps:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
> (3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

---

[4] Points 1-6 are also deficient in that they are not in substantially the form set out in Rule 84.04(d)(1) and do not contain a list of cases and other authority upon which Father relies, as required by Rule 84.04(d)(5). The Argument section of the Appellant's Brief is also deficient in that it does not "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved[,]" as required by Rule 84.04(e).

*Id.* at 187. To present an against-the-weight-of-the-evidence challenge, the appellant must complete four distinct sequential steps:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;
> (3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
> (4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id.* Because Father's arguments in Points 1 through 6 fail to follow this framework and specifically exclude all favorable evidence in the record, his arguments are "analytically useless and provide[] no support" for his challenge. *Id.* at 188. *See also **In the Interest of C.Z.N.**,* 520 S.W.3d 828, 835 (Mo.App. 2017). We must ignore all evidence or inferences that favor the terminated parent. *See **J.A.L.**,* 547 S.W.3d at 812. In each of Points 1 through 6, Father identifies the factual propositions he challenges, but he fails to identify all favorable evidence in the record supporting the propositions and fails to attempt to demonstrate why the favorable evidence, along with reasonable inferences therefrom, is so lacking in probative value in the context of the totality of the evidence that it fails to induce belief in that proposition. Points 1 through 6 are denied.[5]

## Conclusion

The judgment of the trial court is affirmed.

---

[5] Because this case involves the termination of parental rights, we have reviewed the record, ex gratia, and we are satisfied that at least one of the grounds is supported by substantial evidence and no abuse of discretion in the best interest ruling appears.

GINGER K. GOOCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. - CONCURS